JUDGE SWAIN

**13 CV 7569**

MESSNER REEVES LLP
733 Third Avenue
Fifteenth Floor
New York, New York 10017
Tel: (646) 663-1860
Fax: (646) 663-1895
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ALLIANZ GLOBAL CORPORATE & SPECIALTY,
as subrogee and assignee of CGG MARKETING
MANAGEMENT INC.

        Plaintiff,

   v.

MSC "MONTEREY", her engines, tackle, boilers, etc. *in rem*.; MEDITERRANEAN SHIPPING COMPANY (USA) INC.; MSC MEDITERRANEAN SHIPPING COMPANY, S.A.; PORT NEWARK CONTAINER TERMINAL; PORTS AMERICA; LAUFER GROUP INTERNATIONAL LTD.

        Defendants.
-----------------------------------------------------------------x

ECF Case

Case No.:

**VERIFIED COMPLAINT**

RECEIVED OCT 25 2013 U.S.D.C. S.D.N.Y. CASHIERS

  Plaintiff, Allianz Global Corporate & Specialty ("Allianz"), through its undersigned attorneys, MESSNER REEVES LLP, alleges as follows for its complaint against the defendants upon information and belief:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure with respect to the carriage of the subject cargo by sea and also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claim in suit. Plaintiff seeks recovery for cargo loss caused by defendants' breach of contract and torts.

{01150785 / 1}          1

2. Plaintiff Allianz is a corporation organized under the laws of one of the fifty states with an office at 1 Chase Manhattan Plaza, 37th Floor, New York, New York 10005 and sues herein as subrogated insurer of the cargo in suit, having paid the insurance claim of CGG Marketing Management Inc., and for and on behalf of the shipper, consignee and owner of the cargo, as their interests may appear.

3. The captioned defendants are believed to be corporations organized under the laws of certain of the fifty states or foreign sovereigns.

4. This Court has subject matter jurisdiction pursuant to Article III, Section 2, of the Constitution of the United States, 28 U.S.C. §1331 and §1333, and Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, as this action arises from the intermodal carriage of goods moving from a foreign country to the United States under a bill of lading relating to substantial ocean carriage, is governed by federal statutes and common law related thereto. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 as to certain aspects of the claims in this suit.

5. This Court has jurisdiction over the *in personam* defendants, who conduct business in the State of New York and/or within the United States as a whole within the meaning of pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure and said business activities include the provision of services related to the carriage of goods by sea and/or contracting to provide such services with entities domiciled in New York.

6. Upon information and belief the captioned vessel was at all material times a container ship engaged in the carriage of cargo by water between foreign ports and the ports in the United States, including ports of New York and New Jersey, and is now or

will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court or otherwise subject to jurisdiction pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

7.      Upon information and belief the captioned vessel is and/or at all material times was owned, operated, chartered, hired and/or managed by *in personam* defendants Mediterranean Shipping Company (USA) Inc and MSC Mediterranean Shipping Company S.A.

## FIRST CAUSE OF ACTION

8.      Plaintiff repeats and realleges the allegations in Paragraphs 1 through 7 of this complaint.

9.      This action involves loss and damage by wetness on or about October 29, 2012 to a shipment of ocean containers of bedding products, which was moved from Bobadela-Sines, Portugal to New York, New York with ocean carriage from Port of Sines, Portugal to Port Newark Container Terminal, New Jersey aboard the "MSC MONTEREY" Voyage 1240A, with sea waybill numbers MSCUT9031190 and MSCUT9029731 and other documents issued by or on behalf of defendants for the shipment.

10.     Upon information or belief, the shipment was discharged at the Port Newark Container Terminal on or about October 28, 2012.

11.     The aforementioned cargo was received in good order and condition at the place of origin, but at the time of and/or upon discharge from defendants' facilities the cargo was in damaged condition.

12.     Defendants, or entities or individuals, acting on their behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in

relation to the shipment at its discharge which was reasonably required under the premises and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the shipment at its discharge as were reasonably required under the premises.

13. Defendants Mediterranean Shipping Company (USA) Inc., MSC Mediterranean Shipping Company S.A., and the "MSC MONTEREY", or any entity or individual acting on its behalf, should not have discharged the subject cargo, as well as other presently unknown cargo on the captioned vessel, on or about October 28, 2012, to avoid and prevent harm to the cargo, when it knew or should have known of the well predicted and highly publicized impact of Hurricane Sandy, which made a landfall near New Jersey on or about October 29, 2012.

14. Defendants Port Newark Container Terminal and Ports America, or any entity or individual acting on its behalf, should have taken preventative measures to avoid and prevent harm to cargo, including but not limited to, closing down its ports, when it knew or should have known of the well predicted and highly publicized impact of Hurricane Sandy, which made a landfall near New Jersey on or about October 29, 2012.

15. Defendant Laufer Group International Ltd. failed to exercise proper care, custody, and control of the subject cargo, including but not limited to, the selection of carrier, coordination and scheduling of pickup and delivery, and management of subject cargo.

16. Defendants had or should have had access to weather reports, forecasts, and/or data to alert them of the potential scope and impact of Hurricane Sandy to the northeast coastal region of the United States, including but not limited to well predicted rise in water levels, high storm surges, powerful waves, heavy wind, and rain.

17. The aforementioned damage and loss to the shipment was proximately caused by the unseaworthiness of the carrying vessel and defendants' willful, reckless, negligent and/or grossly negligent failure to properly and safely load, stow, lash, stack, carry, discharge, deliver and/or care for the subject cargo, and their fundamental breaches of, and unreasonable deviations from, fiduciary duties owed to plaintiff's subrogor.

18. The damage and loss to the shipment was not caused by circumstances which would give rise to a defense or exception to liability under the Carriage of Goods by Sea Act ("COGSA" or the "Act"), Pub.L. No. 521, ch. 229, 49 Stat. 1207 (1936), reprinted in 46 U.S.C. § 30701 note (2006) (previously codified at 46 U.S.C. app. §§ 1300-1315 (2000)), Harter Act, 46 U.S.C. §§ 30701-30707, the general maritime law, or any applicable state law.

19. By reason of the aforesaid, plaintiff, and those on whose behalf it sues, has sustained damages in the amount not less than $71,391.72, exclusive of interest, no part of which has been paid although duly demanded, and for which defendants are jointly and severally liable as common carriers, bailees, forwarders and/or warehouseman for hire.

20. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

21. Plaintiff, and those on whose behalf it sues, has performed all conditions precedent required of it under the premises.

## SECOND CAUSE OF ACTION

22. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 21 of this complaint.

23. Defendants agreed and promised to perform services and act as carrier or bailee of the shipment, and defendants are liable to plaintiff for breach of said agreement and of their obligations as carriers of goods for hire and/or bailees under applicable contracts or law (including federal common law) for the damage and loss to the shipment.

24. The loss and damage to the shipment in suit was caused in whole or in part by defendants' material deviations from, and their fundamental breaches of, the governing contracts, duties, and obligations with the plaintiff's subrogor.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally: (a) for the sum of not less than $71,391.72; (b) for prejudgment interest at the rate of 9% per annum from the date of loss; (c) for costs of this action; and (d) for such other and further relief as this court deems proper and just.

Dated: New York, New York
       October 25, 2013

MESSNER REEVES LLP

Jean-Claude Mazzola
433 3rd Ave, 15 Fl.
New York, NY 10017
Tel: (646) 663-1860
Fax: (646) 663-1895
jcmazzola@messner.com
*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

KRISTINA SISON, being duly sworn, deposes and says:

I am employed as the Marine Subrogation Specialist at Allianz Global Corporate & Specialty, and in said capacity I am authorized to make this verification on behalf of plaintiff. I have read the foregoing complaint and I am familiar with the contents thereof. The same are true to the best of my knowledge, except as to those matters alleged on information and belief and as to those matters I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

_____
Kristina Sison

Sworn to before me this
25th day of October 2013

_____
Notary Public

DIANA C. HOLT
NOTARY PUBLIC, STATE OF NEW YORK
#01HO6129427 Qualified in Nassau County
Certificate Filed in New York County
My Commission Expires June 20, 2017