LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
Attorneys for Defendants
MSC MEDITERRANEAN SHIPPING COMPANY, S.A. and
MEDITERRANEAN SHIPPING COMPANY (USA) INC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLIANZ GLOBAL CORPORATE & SPECIALTY, as subrogee and assignee of CGG MARKETING MANAGEMENT INC. <br><br> Plaintiff, <br> -against- <br><br> MSC "MONTEREY", her engines, tackle, boilers, etc. *in rem*.; MEDITERRANEAN SHIPPING COMPANY (USA) INC.; MSC MEDITERRANEAN SHIPPING COMPANY S.A.; PORT NEWARK CONTAINER TERMINAL; PORTS AMERICA; LAUFER GROUP INTERNATIONAL LTD. <br><br> Defendants. | <u>ECF CASE</u> <br><br><br> 13 Civ. 7569 (RA) <br><br><br> **ANSWER TO COMPLAINT <br> <u>AND CROSSCLAIM</u>** |

Defendants MSC MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC") and MEDITERRANEAN SHIPPING COMPANY (USA) INC., ("MSC(USA)") (collectively "MSC Defendants"), by their attorneys, Lyons & Flood, LLP, answering plaintiff ALLIANZ GLOBAL CORPORATE & SPECIALTY, as subrogee and assignee of CGG MARKETING MANAGEMENT INC. ("ALLIANZ") Complaint, alleges upon information and belief as follows:

1. The MSC Defendants admit that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but except as so specifically admitted, denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. The MSC Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. The MSC Defendants admit that MSC is a corporation organized and existing under the laws of Switzerland, that MSC(USA), an agent of MSC, is a corporation organized and existing under the laws of the State of New York, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint.

4. The MSC Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1333, Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, but except as so expressly admitted, deny the remaining allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states conclusions of law to which the MSC Defendants believe no response is required, however insofar as a response is required, the MSC Defendants admit that this Court has personal jurisdiction over the MSC Defendants.

6. The MSC Defendants admit that the MSC MONTEREY was engaged in the carriage of cargo by water between foreign ports and the United States, but except as so expressly admitted deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint.

7. The MSC Defendants admit that the MSC MONTEREY was operated by MSC, but except as so expressly admitted deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

**FIRST CAUSE OF ACTION**

8. The MSC Defendants repeat and reallege its responses to Paragraphs 1 through 7 of the Complaint.

9. The MSC Defendants admit that MSC issued bills of lading nos. MSCUT9031190 and MSCUT9029731, but except as so specifically admitted, deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. The MSC Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. The MSC Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. The MSC Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. The MSC Defendants deny the implication that no preventive actions were taken by MSC and/or its agents prior to Hurricane Sandy, and also deny the specific factual allegations set forth in paragraphs 13 and 14 of the Complaint.

14. The MSC Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

15. The MSC Defendants deny the implication that no preventive actions were taken by MSC and/or its agents prior to Hurricane Sandy, and also deny the specific factual allegations set forth in paragraph 16 of the Complaint.

16. The MSC Defendants deny the allegations contained in Paragraph 17 of the Complaint.

17. The allegations contained in Paragraph 18 contain conclusions of law to which no answer is required, however to the extent an answer is required, the MSC Defendants deny the allegations contained in the paragraph.

18. The MSC Defendants deny the allegations contained in Paragraph 19 of the Complaint.

19. The MSC Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 20 and 21 of the Complaint.

## SECOND CAUSE OF ACTION

20. The MSC Defendants repeat and reallege its responses to Paragraphs 1 through 21 of the Complaint.

21. The MSC Defendants deny the allegations contained in Paragraph 23 of the Complaint.

22. The MSC Defendants deny the allegations contained in Paragraph 24 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

24. At all relevant times MSC(USA) was acting as an agent for MSC, a disclosed principal, and should therefore not be held responsible for any of plaintiff's claims and should be dismissed from this action.

## THIRD AFFIRMATIVE DEFENSE

25. Plaintiff is not a real party in interest and has no standing to maintain this action.

## FOURTH AFFIRMATIVE DEFENSE

26. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages occurred, were caused by, or contributed to by the plaintiff or third-parties outside of the MSC Defendants' control, and not by the MSC Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

27.  The shipments which are the subject of this suit were carried pursuant to the terms and conditions of a certain bill of lading, and tariffs by which the shipper, owner, consignee, and holder of said bill of lading agreed to be bound, and were also subject to the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, et seq., and/or the Harter Act, 46 U.S.C. § 30701, et seq., and the MSC Defendants claim the benefits of all rights, immunities, exonerations, and limitations contained therein.

**SIXTH AFFIRMATIVE DEFENSE**

28.  If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages occurred, were caused by, or contributed to by an Act of God which was unavoidable and outside of the MSC Defendants' control.

**SEVENTH AFFIRMATIVE DEFENSE**

29.  Due diligence was used to make the carrying vessel seaworthy and to secure that it was properly manned, equipped, and supplied, and to make the holds and other parts of the vessel in which the shipment was carried safe and fit for its reception, in accordance with the subject bill of lading.  Accordingly, if the shipment sustained any loss or damage due to any unseaworthiness of the vessel, which is denied, the MSC Defendants are not liable for said loss or damage.

**EIGHTH AFFIRMATIVE DEFENSE**

30.  Plaintiff has failed to mitigate its damages.

# **CROSS-CLAIM**

### AS FOR A FIRST CAUSE OF ACTION AGAINST CO-DEFENDANTS PORT NEWARK CONTAINER TERMINAL and PORTS AMERICA

31.     Defendant MSC repeats and realleges each and every answer and allegation contained in the preceding paragraphs of this answer with the same force and effect as if set forth at length herein.

32.     The subject shipment referred to in the First and Second Causes of Action set forth in plaintiff's Complaint were placed in the care, custody, and control of Defendants, Port Newark Container Terminal and Ports America (collectively "Port Newark"), pursuant to certain contracts, both expressed and implied between MSC and Port Newark.

33.     Pursuant to the terms of the aforesaid contracts, Port Newark was responsible for, among other things, the discharging of the container from the Vessel and further obligated to store and maintain the cargo contained in these container in good order while at the terminal, and to effect delivery of same to plaintiff or its respective agent.

34.     Defendant MSC duly performed all of the terms and conditions of said contracts on its part to be performed.

35.     If plaintiff's shipment sustained any damage as a result of not being properly stored and maintained, which is specifically denied, then it resulted from Port Newark breaching its aforementioned contractual duties, both expressed and implied, which it owed Defendant MSC, including its failure to perform its stevedoring services in a workmanlike manner.

36.     As a result of the foregoing, if any liability is found in favor of the plaintiff and against either or both of the MSC Defendants, then Defendant MSC is entitled to indemnity in full against and/or contribution in part from Port Newark, together with the costs and disbursements of this action and reasonable attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## CO-DEFENDANTS PORT NEWARK CONTAINER TERMINAL and PORTS AMERICA

37. Defendant MSC repeats and realleges each and every answer and allegation contained in the preceding paragraphs of this answer and crossclaim with the same force and effect as if set forth at length herein.

38. If plaintiff's shipments sustained any damage, which is specifically denied, it resulted from the negligence and fault of Port Newark, without any fault or negligence on the part of the MSC Defendants contributing thereto.

39. As a result of the foregoing, if any liability is found in favor of the plaintiff and against either or both of the MSC Defendants, then Defendant MSC is entitled to indemnity in full against and/or contribution in part from Port Newark together with costs and disbursements of this action and reasonable attorneys' fees.

**WHEREFORE**, the MSC Defendants pray:

a. for judgment dismissing plaintiff's Complaint;

b. that should plaintiff prove its claim for damage, judgment be entered in favor of plaintiff and against Port Newark, together with costs and disbursements of this action, including reasonable attorneys' fees, adjudged in favor of the MSC Defendants;

c. that should either or both of the MSC Defendants be found liable for part or all of plaintiff's damage, judgment be entered in favor of Defendant MSC and against Port Newark for indemnity and/or contribution, for any monies the MSC Defendants are found to be liable to plaintiff, together with the costs and disbursements of this action, including reasonable attorneys' fees; and

d. that judgment be entered in favor of MSC Defendants for such other and further relief as the Court deems just and proper.

Dated: December 26, 2013
   New York, New York

            LYONS & FLOOD, LLP
            Attorneys for Defendants
            MSC MEDITERRANEAN SHIPPING
            COMPANY S.A. and MEDITERRANEAN
            SHIPPING COMPANY (USA) INC.

         By: _____
            Edward P. Flood
            George N. Proios
            Lyons & Flood, LLP
            65 West 36th Street, 7th Floor
            New York, New York 10018
            (212) 594-2400

TO: MESSNER REEVES LLP
    733 3rd Avenue, 15th Floor
    New York, New York 10017

    Attn: Jean-Claude Mazzola, Esq.

**CERTIFICATE OF SERVICE**

Erika Tax, an employee of Lyons & Flood, affirms on this 26th day of December 2013, that she electronically filed the foregoing with the Clerk of the Court for the Southern District of New York by using the CM/ECF system, and that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____
Erika Tax

U:\FLOODDOC\2549228\Legal\Answer.doc