ROPERS, MAJESKI, KOHN & BENTLEY, P.C.
750 Third Avenue, 25th Floor
New York, New York 10017
(212) 668-5927
*Attorneys for Defendants*
PORT NEWARK CONTAINER TERMINAL, L.L.C. (*s/h/a Port Newark Container Terminal*)
and PORTS AMERICA, INC. (*s/h/a Ports America*)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLIANZ GLOBAL CORPORATE & SPECIALTY, as subrogee and assignee of CGG MARKETING MANAGEMENT INC., <br><br> Plaintiff, <br><br> -against- <br><br> MSC "MONTEREY', her engines, tackle, boilers, etc. *in* rem; MEDITERRANEAN SHIPPING COMPANY (USA) INC.; MSC MEDITERRANEAN SHIPPING COMPANY, S.A.; PORT NEWARK CONTAINER TERMINAL; PORTS AMERICA; LAUFER GROUP INTERNATIONAL LTD. <br><br> Defendants. | 13 Civ. 7569 (RA) <br> [rel.13 Civ. 7514] <br><br> **ANSWER TO COMPLAINT BY PORTS AMERICA AND PORT NEWARK CONTAINER TERMINAL WITH CROSS-CLAIMS** |

Defendants PORTS AMERICA, INC., *s/h/a Ports America* (hereinafter "Ports America"), and Defendant PORT NEWARK CONTAINER TERMINAL, L.L.C., *s/h/a Port Newark Container Terminal* ("PNCT") (collectively "Defendants"), by and through their attorneys, ROPERS, MAJESKI, KOHN & BENTLEY, P.C., as and for their Answer to the Complaint allege the following upon information and belief:

1. Admit that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but except as expressly admitted herein, denies each and every other allegation contained in Paragraph 1 of the Complaint as allegations of law that are respectfully referred to the Court.

2. Deny knowledge or information thereof, sufficient to form a belief, as to each and every allegation contained in Paragraphs 2, 6, and 7 of the Complaint.

3. Admit that Ports America is a corporation organized under the laws of Delaware with a principal place of business at 525 Washington Boulevard, Suite 1660, Jersey City, New Jersey 07310 and that PNCT is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 241 Calcutta Street, Newark, New Jersey 07114-3324; and, except as expressly admitted herein, deny that they have any knowledge or information thereof, sufficient to form a belief, as to each and every other allegation contained in Paragraph 3 of the Complaint.

4. Deny the allegations contained in Paragraphs 4 and 5 of the Complaint as allegations of law which are respectfully refereed to the Court.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

5. Repeat and reiterate each and every answer and denial contained in Paragraphs 1 through 4, inclusive, of its Answer to the Complaint with the same force and effect as though fully set forth at length herein and, except as expressly admitted therein, deny each and every allegation incorporated into Paragraph 8 of the Complaint.

6. Deny knowledge or information thereof, sufficient to form a belief, as to each and every allegation contained in Paragraphs 9, 10, and 20 of the Complaint.

7. Deny each and every allegation contained in Paragraphs 11, 12, 14, 16, 17, 18, 19, and 21 of the Complaint.

8. The allegations contained in Paragraph 13 and 15 of the Complaint do not pertain to Answering Defendants and therefore are denied upon information and belief.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

9. Repeat and reiterate each and every answer and denial contained in Paragraphs 1 through 8, inclusive, of its Answer to the Complaint with the same force and effect as though fully set forth at length herein and, except as expressly admitted therein, deny each and every allegation incorporated into Paragraph 22 of the Complaint.

10. Deny each and every allegation contained in Paragraphs 23 and 24 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

11. If plaintiff sustained any damage as alleged in the Complaint, which is denied, said damage was caused in whole or in part by plaintiff's own negligence and was not caused or contributed to in any manner by any negligence of PNCT or Ports America.

### SECOND AFFIRMATIVE DEFENSE

12. Plaintiff has failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

13. Plaintiff is not the real party in interest and has no standing to bring this action.

### FOURTH AFFIRMATIVE DEFENSE

14. If plaintiff sustained any damages, which is denied, those damages were caused in whole or in party by parties not under the control or supervision of PNCT or Ports America.

### FIFTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, the Carriage of Goods by Sea Act ("COGSA") one (1) year statute of limitations, and/or the equitable doctrine of laches, estoppel and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

16. The Complaint fails to state a cause of action upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

17. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages occurred, were caused by, or contributed by a natural disaster that was an Act of God which was unexpected, exceptional, inevitable, irresistible, unavoidable and outside of PNCT's and Ports America's control and could not have been prevented by due care and the Act of God was the sole cause of the loss, which is denied.

## NINTH AFFIRMATIVE DEFENSE

18. If it is found that the goods were carried, transferred, and/or stored pursuant to contract, then PNCT and Ports America avail themselves of all the terms, benefits, rights, limitations, exclusions, and exceptions therein, whether expressed, implied, or incorporated therein.

## TENTH AFFIRMATIVE DEFENSE

19. The shipment which is the subject of the suit was transported subject to the contractual terms and conditions of the relevant charter party(ies), bill(s) of lading, and/or Sea Waybills. Any non-delivery, mis-delivery, shortage, loss, or damage to the cargo, which is specifically denied, was due to causes for which PNCT and Ports America are neither liable nor responsible by virtue of the provisions of COGSA or applicable tariffs or general maritime law or terms of applicable bills of lading, charter parties, Sea Waybills, special contracts, or dock receipts, including all terms incorporated therein by reference.

### ELEVENTH AFFIRMATIVE DEFENSE

20. If the cargo in question was received and carried as alleged, which is denied, then it was received and carried subject to the terms and provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et. seq. and PNCT and Ports America are not liable thereunder.

### TWELFTH AFFIRMATIVE DEFENSE

21. PNCT and Ports America claim benefit of all rights, limitations, and defenses provided for by the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 et. seq., and the Harter Act of 1893, 46 U.S.C. § 190 et seq., in regard to all of the plaintiff's claims and all defenses provided by the United States Carriage of Goods by Sea Act of 1936 and the Harter Act of 1893 are incorporated herein by reference.

### THIRTEENTH AFFIRMATIVE DEFENSE

22. Any liability of PNCT and Ports America, such liability being denied, is limited by the United States Carriage of Goods by Sea Act to $500 per package or customary freight unit.

### FOURTEENTH AFFIRMATIVE DEFENSE

23. The shipment which is the subject of this suit was, and is, subject to all terms, conditions, limitations, defenses, and exceptions contained in the applicable bill(s) of lading, charter parties, and/or contract(s) of carriage by which the shippers, cargo owners, consignees, or holders of said bill(s) of lading agreed to be and are bound. All such terms, conditions, limitations, defenses, and exceptions are incorporated herein by reference.

## FIFTEENTH AFFIRMATIVE DEFENSE

24. PNCT and Ports America claim benefit of and incorporates by reference all defenses available to it under any applicable contracts, charter parties, bills of lading, sea way bills, or other agreements or tariffs, including time bars, package limitations, failure to give proper notice, forum selection clauses, arbitration clauses and any other applicable defense.

## SIXTEENTH AFFIRMATIVE DEFENSE

25. Any loss or damage suffered by plaintiff, which are denied, were caused in whole or in part by plaintiff's or some other person or entity's breach of obligations and duties under law and any applicable contracts and not by any negligence, breach, and/or any fault on the part of PNCT and/or Ports America, their agents, and/or those for whom they are responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

26. This Answer is made without waiver to any rights to arbitrate that may exist between or among the parties pursuant to the terms of the relevant bills of lading, charter party and/or contract(s) of carriage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

27. Any damage to plaintiff and/or the subject cargo, said damage being denied, occurred while the cargo was in the exclusive possession, custody and control of the shippers of the cargo and/or their agents and/or others outside of the control of PNCT and/or Ports America.

## NINETEENTH AFFIRMATIVE DEFENSE

28. This Court lacks personal jurisdiction over Answering Defendants

## AS FOR A FIRST CROSS-CLAIMS AGAINST CO-DEFENDANTS

29.     If plaintiffs sustained damages as alleged in the Complaint through any fault other than their own fault, then such damages were sustained due to the primary, active, and sole fault of Co-defendants MSC MONTEREY, her engines, tackle, boilers, etc. *in rem*; MEDITERRANEAN SHIPPING COMPANY (USA) INC.; MEDITERRANEAN SHIPPING COMPANY, S.A.; and LAUFER GROUP INTERNATIONAL LTD.; and the fault of PNCT and Ports America, which is denied, was secondary and passive only; and, if plaintiff should obtain and/or recover judgment against PNCT and Ports America, then Co-defendants MSC MONTEREY, her engines, tackle, boilers, etc. *in rem*; MEDITERRANEAN SHIPPING COMPANY (USA) INC.; MEDITERRANEAN SHIPPING COMPANY, S.A.; and LAUFER GROUP INTERNATIONAL LTD., shall be liable to PNCT and Ports America for the full amount of said judgment or for any part thereof obtained and/or recovered on the basis of apportionment of responsibility for the alleged occurrence as found by the court and/or jury.  Further, if by reason of this action, PNCT and Ports America has incurred, and will in the future incur, costs and expenses including counsel fees, it is entitled to recover such costs, expenses and fees in full from Co-defendants MSC MONTEREY, her engines, tackle, boilers, etc. *in rem*; MEDITERRANEAN SHIPPING COMPANY (USA) INC.; MEDITERRANEAN SHIPPING COMPANY, S.A.; and LAUFER GROUP INTERNATIONAL LTD.

## AS FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS

30.     Upon information and belief, if plaintiffs were injured or suffered illnesses as alleged in the Complaint, which is denied, the said injuries and/or illnesses were caused by the breaches of express and/or implied contractual and/or warranty obligations to PNCT and Ports America of

Co-defendants MSC MONTEREY, her engines, tackle, boilers, etc. *in rem*; MEDITERRANEAN SHIPPING COMPANY (USA) INC.; MEDITERRANEAN SHIPPING COMPANY, S.A.; and LAUFER GROUP INTERNATIONAL LTD.; accordingly, PNCT and Ports America are entitled to full indemnity for any amounts recovered against it from Co-defendants MSC MONTEREY, her engines, tackle, boilers, etc. *in rem*; MEDITERRANEAN SHIPPING COMPANY (USA) INC.; MEDITERRANEAN SHIPPING COMPANY, S.A.; and LAUFER GROUP INTERNATIONAL LTD., including attorneys' fees, costs, and disbursements.

**WHEREFORE**, Defendants PORTS AMERICA, INC., and PORT NEWARK CONTAINER TERMINAL, L.L.C., demand that plaintiff's action be dismissed with costs to these Defendants, including reasonable attorneys' fees; alternatively, Defendants PORTS AMERICA, INC., and PORT NEWARK CONTAINER TERMINAL, L.L.C., demand judgment over and against Co-defendants MSC MONTEREY, her engines, tackle, boilers, etc. *in rem*; MEDITERRANEAN SHIPPING COMPANY (USA) INC.; MEDITERRANEAN SHIPPING COMPANY, S.A.; and LAUFER GROUP INTERNATIONAL LTD., for the full amount of any judgment obtained and/or recovered against Defendants PORTS AMERICA, INC., and PORT NEWARK CONTAINER TERMINAL, L.L.C., by plaintiffs, including reasonable attorneys' fees and costs.

Dated:  New York, New York
        January 16, 2014

          **ROPERS, MAJESKI, KOHN & BENTLEY, P.C.**
          *Attorneys for Defendants*
          PORT NEWARK CONTAINER TERMINAL L.L.C. and
          PORTS AMERICA, INC.

          s/_____
          J. Patrick Geraghty
          750 Third Avenue, 25th Floor
          New York, New York 10017
          (212) 668-5927